IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

SHENZHEN HEHONG
TECHNOLOGY CO., LTD.,

and

SHENZHEN DUSHU CULTURE
ADVERTISING CO., LTD.,

Plaintiffs,

v.

XIAOHUA LUO,

Defendant.

_____/

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT
AND INVALIDITY OF U.S. PATENT NO. 9,723,679 B2**

Plaintiffs Shenzhen Hehong Technology Co., Ltd. and Shenzhen Dushu Culture Advertising Co., Ltd. (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this action for declaratory judgment of non-infringement and invalidity under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and the Patent Act of the United States against Defendant Xiaohua Luo ("Defendant" or "Luo"), and hereby allege as follows:

**NATURE OF THE ACTION**

1. This is a declaratory-judgment action for (a) non-infringement of U.S. Patent No. 9,723,679 B2 (the "'679 Patent") pursuant to 35 U.S.C. § 271 and (b) invalidity

1

of the '679 Patent pursuant to 35 U.S.C. §§ 102 and 103. A copy of the '679 patent is submitted herewith as Exhibit A.

## PARTIES

2. Plaintiff Shenzhen Hehong Technology Co., Ltd. ("Plaintiff Hehong") is a corporation organized under the laws of the People's Republic of China, with its principal place of business at Room 1501, Building B, TongXinXinChuang Science Park, FuTe Road, Shenzhen, Guangdong, China. Plaintiff Hehong sells products online through e-commerce on Amazon.

3. Plaintiff Shenzhen Dushu Culture Advertising Co., Ltd. ("Plaintiff Dushu") is a corporation organized under the laws of the People's Republic of China, with its principal place of business at Room 502, Building 2, Shentan Third Industrial Zone, Shenzhen, Guangdong, China. Plaintiff Dushu sells products online through e-commerce on Amazon.

4. Defendant Xiaohua Luo is an individual residing in Hangzhou, Zhejiang Province, People's Republic of China. Luo is the named patentee and owner of the '679 Patent and, through Amazon's Patent Evaluation Express ("APEX")[1] procedure, has

---

[1] Amazon's Patent Evaluation Express (APEX) is a program created by Amazon to address third-party utility patent infringement claims involving products sold on its marketplace. A neutral patent evaluator determines whether a product is likely to infringe the asserted patent, and Amazon may remove the listing based on the outcome. Participation in APEX is voluntary, and any party may opt out and pursue or defend the matter in court. Notably, by initiating an APEX proceeding, the filer may be subject to personal jurisdiction in the state where the accused infringer conducts business, as established in *SnapRays, LLC v. Lighting Defense Group, LLC*, 100 F.4th 1371 (Fed. Cir.

purported to enforce that patent against Plaintiffs' listings on amazon.com. Defendant sells products online through e-commerce on Amazon.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338(a) (patent), and 2201–02 (Declaratory Judgment Act).

6. A justiciable controversy exists under the Declaratory Judgment Act because (a) Luo has asserted infringement through Amazon's APEX process, (b) Plaintiffs face the imminent removal of their listings, and (c) Plaintiffs will incur irreparable harm absent court intervention.

7. This District is a proper venue under 28 U.S.C. § 1400(b) because Amazon's APEX complaints concern product listings on amazon.com, which is accessible and used for sales in this District; and a substantial part of the events giving rise to this action—namely, the threatened enforcement and takedown of listings—occurs or will occur here.

8. This Court has personal jurisdiction over Luo because (a) he regularly uses amazon.com to enforce his U.S. patent rights against sellers whose goods are offered in this District; (b) he initiated the APEX procedure targeting products sold to consumers in Florida; and (c) under current law, his purposeful availment via Amazon's APEX procedure suffices to establish specific jurisdiction.

---

*2024).* Where the Federal Circuit held that submitting an APEX Agreement can establish sufficient contacts for jurisdiction in the seller's forum.

9. Lastly, all parties to this lawsuit actively conduct business in this district by selling their respective products.

**FACTUAL BACKGROUND**

10. Defendant is the owner of the '679 Patent and filed an APEX complaint alleging that Plaintiffs' Amazon product listings infringe Claim 1 of the '679 Patent.

11. The '679 Patent issued August 1, 2017, from U.S. Application No. 15/438,398, claims priority to PCT/CN2015/090213 (filed Sept. 22, 2015).

12. Claim 1 of the '679 Patent recites:

A computing apparatus configured to be triggered by input signal edges from a power supply line, comprising an edge-triggered computing device, a charging device, and an initialization device; wherein:

the edge-triggered computing device is configured to be triggered to perform computing by the input signal edges from the power supply line, and is configured to output computing results;

the charging device is configured to supply power to the edge-triggered computing device based on the input signals from the power supply line;

the charging device is charged when the input signal from the power supply line is at a high voltage, and is discharged when the input signal from the power supply line is at a low voltage;

the initialization device is configured to initialize the edge-triggered computing device based on the voltage of the power supplied by the charging device.

13. Plaintiffs' products use a fundamentally different architecture and underlying technology that's comprised of a:

Signal decoding is achieved by comparing the line signal to a stable reference voltage and measuring the duration of high/low levels—no reliance on detecting microsecond-scale edges with D-flip-flops. This reference comparator approach accommodates slower transitions, avoids D-flip-flop threshold drift, and reduces component count and cost;

Power-on-reset is implemented with a simple RC network (resistor and capacitor), not the complex multi-MOS transistor and inverter configuration of the patented initialization device;

No D-flip-flop arrays: Plaintiffs' chips do not trigger on signal edges or calculate edge intervals; instead, they perform level-duration decoding of DC power-line carrier signals, which do not require high-precision clocking and are robust in low-cost, high-noise consumer environments;

Pulse width decoding using oscillator-driven logic is used in the product which is different than edge computing.

14. Plaintiffs' products lack the claimed elements—edge-triggered computing, MOS-based charging tied to signal edges, and MOS-transistor initialization—they do not infringe Claim 1, either literally or under the doctrine of equivalents.

15. In simple terms, Plaintiffs sell decorative string-light controllers that interpret on/off signals by checking whether the light's electrical line is "high" or "low" and measuring how long each state lasts. They use a straightforward voltage-comparison

method and a basic resistor-capacitor reset circuit—common, inexpensive components in mass-market lights.

16. Defendant's patent, by contrast, claims a more complex system that detects rapid rising and falling edges of the signal with specialized flip-flop circuits and uses MOS-transistor logic for initialization. Because Plaintiffs' products operate on a different principle and employ different hardware, they do not infringe Defendant's patent.

17. Plaintiffs manufacture, import, offer for sale, and sell string-light controller products including RGB music-sync changing lights. These products are sold on the Amazon.com online marketplace under the Amazon Standard Identification Numbers ("ASINS") B08BJ5Y4PN, B0DFCJR3YN and B0D3QNSK9N (the "Accused Products").

18. Plaintiff Hehong operates an online marketplace on Amazon.com under the Seller name BRIZLABS with URL address: https://www.amazon.com/sp?ie=UTF8&seller=AYJOGW2Z9YOT6.

19. Plaintiff Dushu operates an online marketplace on Amazon.com under the Seller name ECHOSARI with URL address: https://www.amazon.com/sp?ie=UTF8&seller=ATZFNO0CG0RJB.

20. On March 31, 2025, Luo executed APEX Agreements asserting Claim 1 of the '679 Patent against Plaintiffs' Amazon ASINs, including: B08BJ5Y4PN, B0DFCJR3YN, B0D3QNSK9N, and B0DZMCYJ9H.

21. Amazon notified Plaintiffs of Luo's APEX complaint and demanded a response by April 21, 2025, or face removal of their listings of the Accused Products nationwide, including in Florida.

6

22. Under the APEX Procedure, Amazon will deactivate Plaintiffs' product listings containing the Accused Products if Plaintiffs do not participate, causing immediate and irreparable harm to Plaintiffs' business and goodwill.

23. All conditions precedent to this filing have been complied with, have occurred or have been waived.

## COUNT I:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

17. Plaintiffs incorporate by reference paragraphs 1 through 23.

18. Plaintiffs' Accused Products do not infringe Claim 1 of the '679 Patent literally or under the doctrine of equivalents because they do not include:

(a) an edge-triggered computing device triggered by power-line rising/falling edges;

(b) a charging device powering the computing device exclusively from the power-line edges;

(c) an initialization device as claimed; and

(d) a signalizing mechanism as claimed.

19. The signal-decoding method used by Plaintiffs relies on reference-voltage level detection and duration measurement, not edge-triggered D-flip-flop arrays. Their chips employ capacitor-resistor power-on-reset circuits, not MOS-transistor Schmitt-trigger initialization devices.

20. Further, the accused products do not implement an "edge-triggered computing device" as required by Claim 1. The signal decoding is performed by a clock

generator and logic modules that decode pulse-width-modulated signals (e.g., 300μs high = logic "1", 100μs high = logic "0"), rather than performing computations triggered directly by signal edges on the power line. These mechanisms rely on reference voltage thresholds and timing logic, not on D flip-flops or edge-based computation as claimed.

21. The charging device in the accused products includes PMOS-controlled circuits and MOS capacitors that are actively regulated. Unlike the passive diode-capacitor configuration described in the patent, this arrangement allows logic-controlled power gating. The structural and functional differences preclude equivalence under the doctrine of equivalents.

22. Likewise, the initialization device in the accused products is not voltage-based as claimed but consists of a logic-driven reset architecture employing Schmitt triggers, PMOS/NMOS gates, and oscillator timing. This differs fundamentally from a passive voltage-initialized device. The accused architecture and underlying technology uses a stable internal supply (VDD_DIO) for initialization, which is not functionally or electrically equivalent to the claimed system.

23. Accordingly, because the accused products lack at least the required edge-triggered computing, passive charging, and voltage-based initialization and signaling mechanisms, Plaintiffs seek a declaration that they do not infringe the '679 Patent either literally or under the doctrine of equivalents are entitled to a declaration that they have not infringed and do not infringe '679 Patent.

## COUNT II:
## DECLARATORY JUDGMENT OF INVALIDITY

24. Plaintiffs incorporate by reference paragraphs 1 through 23.

25.     Claim 1 of the '679 Patent is invalid under 35 U.S.C. § 102 as anticipated by, inter alia, prior art publications and products that disclose power-line-edge triggering of computing circuits with charging and initialization functions.

26.     In the alternative, Claim 1 is invalid under 35 U.S.C. § 103 as obvious in view of the same prior art combined with common-sense RS-flip-flop circuits and known control-signal decoding techniques.

27.     Claim 1 of the '679 Patent is anticipated and/or rendered obvious under 35 U.S.C. §§ 102 and 103 based on prior art.

28.     U.S. Patent No. 8,456,098 B2 discloses a modulated driver line input powering a local supply capacitor, which provides energy to an edge-activated LED controller. Initialization occurs after voltage thresholds are met, mirroring the claimed computing and initialization mechanisms.

29.     CN103702486B teaches a feedback-controlled LED driver system that receives modulated PWM signals, uses an output capacitor for charging, and initializes circuitry based on charged voltage. The architecture parallels the claim elements of edge-triggering, charging, and voltage-based reset.

30.     U.S. Patent No. 8,405,323 B2 describes an LED lighting system wherein signal and power are supplied over a shared bus. The processor and control logic derive energy from the charged capacitor and are initialized accordingly. This undermines the novelty and non-obviousness of the asserted claim in the '679 Patent.

31.     The combination of these references, each disclosing one or more of the claimed elements, renders the '679 Patent invalid. The similarities in functionality, system

architecture, and signal handling would have been obvious to a person of ordinary skill in the art at the time of the alleged invention

32. Accordingly, Plaintiffs are entitled to a declaration that Claim 1 of the '679 Patent is invalid.

## PRAYER FOR RELIEF (both counts)

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant as follows:

A. Declaring that Plaintiffs have not infringed and do not infringe Claim 1 of U.S. Patent No. 9,723,679 B2, literally or under the doctrine of equivalents;

B. Declaring that Claim 1 of U.S. Patent No. 9,723,679 B2 is invalid under 35 U.S.C. § 102 and/or § 103;

C. Permanently enjoining Defendant, his agents, and anyone acting in concert with him from asserting the '679 Patent against Plaintiffs or their customers;

D. Awarding Plaintiffs their costs and reasonable attorneys' fees under 35 U.S.C. § 285 and any other applicable law;

and

E. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted on this 6th day of June, 2025.

**LAW FIRM OF RUBIO & ASSOCIATES, P.A.**
Attorneys for Plaintiffs
8950 SW 74 Ct., Suite 1804
Miami, Fl 33156
Telephone: (786) 220-2061
Facsimile: (786) 220-2062

Email: hrubio@rubiolegal.com
Email: frubio@rubiolegal.com
Email: info@rubiolegal.com

By:/s/ *Felipe Rubio*
Felipe Rubio, Esq.
Florida Bar No. 123059
Humberto Rubio, Jr., Esq.
Florida Bar No. 36433