UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-22599-BLOOM/Elfenbein

SHENZHEN HEHONG
TECHNOLOGY CO., LTD and
SHENZHEN DUSHU CULTURE
ADVERTISING CO., LTD.,

    Plaintiffs,

v.

XIAOHUA LUO,

    Defendant.
_____/

### ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON FOREIGN DEFENDANTS PURSUANT TO RULE 4(f)(3)

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Order Authorizing Alternate Service of Process on Foreign Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), ECF No. [7] ("Motion"), filed on June 26, 2025. The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.     BACKGROUND**

Plaintiffs filed this declaratory-judgment action seeking relief related to U.S. Patent No. 9,723,679 B2 and alleged enforcement efforts by Defendant through Amazon's Patent Evaluation Express (APEX) program. Plaintiffs allege that Defendant, a resident of the People's Republic of China, utilizes the APEX process, which operates exclusively via e-mail, and has communicated exclusively through e-mail in connection with this dispute.

Plaintiffs assert that service through the Hague Convention would be time-consuming and expensive. As an alternative, Plaintiffs request leave to serve Defendant by (1) e-mail to the address used in the APEX filings and (2) by posting all filings on a dedicated service website.

## II.    LEGAL STANDARD

The central purpose of service of process is "to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). Rule 4(f) states in pertinent part as follows:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> . . .
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Rule 4(f)(3) allows a district court to order an alternate method for service to be effected upon foreign defendants, provided that it is not prohibited by international agreement, and is reasonably calculated to give notice to the defendants. *See Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, No. 05-cv-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent

with due process and are not prohibited by international agreements.") (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing alternate means of service lies within the discretion of the district court.

Rule 4(f)(3) was "adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713, 719 (Bankr. N.D. Ga. 2000). "What constitutes appropriate service varies depending on the circumstances of the case and turns on the court's determination of whether the alternative method is reasonably calculated to apprise the parties of the pendency of the action and afford them an opportunity to present their objections." *Bishop v. Defendant "1"*, No. 23-cv-24376, 2024 WL 4635115, at *1 (S.D. Fla. Feb. 12, 2024) (quoting *Bandyopadhyay v. Defendant 1*, No. 22-cv-22907, 2022 WL 17176849, at *2 (S.D. Fla. Nov. 23, 2022)).

**III.   DISCUSSION**

Plaintiffs request that the Court permit them to serve Defendant via e-mail and by posting on a specifically created website. Service by e-mail and via posting on a designated website is not prohibited under international agreement. Although the United States and China are signatories to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"), the Hague Convention does not specifically preclude service of process via e-mail or by posting on a designated website.

Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an

objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-cv-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention is limited to the specific forms of service objected to). "A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not expressly objected to those means." *adidas AG v. Individuals, Bus. Entities, & Unincorporated Associations Identified on Schedule "A"*, No. 23-cv-62188, 2023 WL 8354831, at *2 (S.D. Fla. Nov. 22, 2023) (citing *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011)).

Further, e-mail and posting on a designated website are reasonably calculated to give notice to Defendant. Indeed, courts regularly permit service by e-mail and website posting. *See, e.g. Chanel, Inc. v. Zhixian*, No. 10-cv-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (authorizing service by e-mail); *Bialik v. Individuals Identified on Schedule "A,"* No. 22-cv-6142, 2022 WL 4268594, at *2 (S.D. Fla. Sept. 15, 2022) (same); *Chanel, Inc. v. Individual, P'ship, or Unincorporated Assoc.*, No. 17-cv-6241, 2017 WL 8794733, at *4-5 (S.D. Fla. Dec. 13, 2017) (permitting service by website publication); *Cassegrain v. bagsoutlet.us*, No. 18-cv-62933, 2018 WL 10582119, at *1-2 (S.D. Fla. Dec. 7, 2018) (same).

Here, Defendant utilized the same e-mail address for all communication under the APEX process. Additionally, Plaintiffs' proposed website provides access to all case documents. Plaintiffs have demonstrated that the e-mail and website posting are likely to reach Defendant. *See Rio Props. Inc.*, 284 F.3d at 1017-18. Plaintiffs therefore demonstrate good cause as to why leave should be granted to allow service of the summons, Complaint, all filings, and discovery in this case on Defendant via e-mail and posting on Plaintiffs' designated website.

Case No. 25-cv-22599-BLOOM/Elfenbein

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs may serve the summons, Amended Complaint, and all filings in this case upon Defendant by e-mailing PDF copies to the address used by Defendant in the APEX filings.

2. Plaintiffs may serve the summons, Amended Complaint, and all filings in this case upon Defendant by posting a copy of the same on the service website located at: https://tinyurl.com/25cv22599.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 30, 2025.

*[signature]*

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record